UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNSON & ASSOCIATES, PC
BY: ADRIAN J JOHNSON, ESQ.
(ATTORNEY ID: 000592012)
33 WOOD AVENUE SOUTH, SUITE 600
ISELIN, NJ 08830
P:   848.229.2254
F:   855.385.0942
ATTORNEYS FOR PLAINTIFF

|  |  |
|---|---|
| YEL LIMITED PARTNERSHIP,<br>DERIVATIVELY ON BEHALF OF<br>OCCIDENTAL PETROLEUM, CORPORATION,<br>          Plaintiff,<br><br>vs.<br><br>VICKI HOLLUB; CEDRIC W. BURGHER;<br>MARCIA E. BACKUS; SPENCER ABRAHAM;<br>EUGENE L. BATCHELDER; MARGARET M.<br>FORAN; CARLOS M. GUTIERREZ;<br>WILLIAM R. KLESSE; JACK B. MOORE;<br>AVEDICK B. POLADIAN; ELISSE B.<br>WALTER,JOHN DOE, #1-50; AND MARY<br>ROE, #1-50,<br><br>          Defendants,<br><br>-and-<br><br>OCCIDENTAL PETROLEUM, CORPORATION,<br>A TEXAS CORPORATION,<br><br>          NOMINAL DEFENDANT. | VERIFIED SHAREHOLDER<br>DERIVATIVE COMPLAINT<br><br>Docket No.:<br><br>**DEMAND FOR JURY TRIAL** |

        Plaintiff, by its attorneys, submits this Verified Shareholder Derivative Complaint against the defendants named herein.

**NATURE AND SUMMARY OF THE ACTION**

        1.    This is a shareholder derivative action brought by a shareholder of OCCIDENTAL PETROLEUM, CORPORATION (hereinafter

-1-
VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

referred to as "OXY" or the "COMPANY") on behalf of the COMPANY against certain of its officers and directors seeking to remedy defendants' violations of law, including but not limited to breaches of fiduciary duties, waste of corporate assets, unjust enrichment, breaches of good faith and fair dealings, and violations of New York Corporations Code that have caused substantial monetary losses to OXY and other damages, such as to its reputation and goodwill.  As such OXY's stock price has seen a significant decrease in value, and the stock value continues to decline

2.     OXY is an international oil and gas exploration and production company with operations in the United States, Middle East and Latin America. Headquartered in Houston, Occidental is one of the largest U.S. oil and gas companies, based on equity market capitalization.  OXY'S midstream and marketing segment purchases, markets, gathers, processes, transports and stores hydrocarbons and other commodities in support of Occidental's businesses.  OXY'S wholly owned subsidiary OxyChem manufactures and markets basic chemicals and vinyls.

3.     On or about May 2019, OXY entered into a definitive agreement to acquire ANDARKO PETROLEUM CORPORATION (hereinafter referred to as "ANDARKO") for a purchase price of $38,000,000,000.00 (thirty-eight billion USD).

4.     OXY outbid CHEVRON'S prior purchase contract for ANDARKO.

5.     ANDARKO paid CHEVRON a termination fee of $1,000,000,000.00 (one-billion USD).

6.     OXY supported the decision to acquire ANDARKO under the following assurances:  (1) acquired stronger position in Permian oil production; and (2) established oil reserves and assets valued at $38,000,000,000.00 (thirty-eight billion USD).

7.     The above acquisition assumptions and understandings have proven to be false and invalidated.

8.     First, Permian oil production represents only ten to fifteen percent (10-15%) of ANDARKO'S production, so it is less the acquisition centerpiece than was suggested.

9.     Forty-eight percent (48%) of ANDARKO'S 2018 U.S. production was natural gas and natural gas liquids.  Of its oil, most of ANDARKO'S reserves and production are not in the Permian basin: they are international, in the Gulf of Mexico, or in the D-J (Colorado) basin.

10.    ANDARKO has a production challenge, in that forty-two percent (42%) of its oil production is coming from the D-J basin, and Colorado's oil and gas regulations are tightening up to limit that production.

11.    Second, the SEC PV-10 value of ANDARKO'S reserves is $17,100,000,000.00 (seventeen-billion one-hundred million USD). While the acquisition includes other assets, at $38,000,000,000.00 (thirty-eight billion USD), the price tag is much more than the SEC reserve value.

12.    Further, the acquisition of ANDARKO has quadrupled OXY'S debt to $40,000,000,000.00 (forty-billion USD).

13.    Shedding debt will require selling assets when deals have been slow and buyers have left the market.

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

14.   Thus, OXY will be saddled with this debt for the immediate future.  Due to such heavy debt overload, rating firms are forecasting a debt downgrade because of the deal.

15.   Based on the above facts, the acquisition of ANDARKO by OXY was a poor decision by OXY.  The valued add of the Permian oil production was a false message in order to get shareholders to go along with the merger.  Being that ANDARKO is not even strongly positioned in Permian oil production there is no value add here.

16.   ANDARKO'S heavy leverage in the D-J basin will become a hinderance upon OXY as Colorado's oil and gas regulations are tightening up and limiting production.

17.   The increase in debt load has effectively diminished the value of OXY'S stock and resulted in a debt downgrade for the organization.

18.   The longer OXY takes to reduce this debt, the longer the impact on the shareholders returned value.

## JURISDICTION AND VENUE

19.   This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(a)(2) in that plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00 (seventy-five thousand USD), exclusive of interest and costs.  This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

20.   This Court has jurisdiction over each defendant named herein because each defendant is either a corporation that business in and maintains operations in this District, or is an individual

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by the District courts permissible under traditional notions of fair play and substantial justice.

21.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a) because: (i)one or more of the defendants either resides in or maintains executive offices in this District; (ii) a substantial portion of the transactions and wrongs complained of herein, including the defendants' primary participation in the wrongful acts detailed herein, and aiding and abetting and conspiracy in violation of fiduciary duties owed to OXY, occurred in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

22.    Plaintiff YEL LIMITED PARTNERSHIP ("Plaintiff" or "YEL") is and was, at times relevant hereto, an owner and holder of OXY stock.  Plaintiff is a New York corporation with its principal place of business located in New York.

23.    Nominal Defendant OXY is a Texas corporation with its principal executive offices located at 5 Greenway Plaza, Suite 110, Houston, TX 77046-0521.

24.    Defendant Vicki Hollub ("Hollub") is OXY's PRESIDENT and CHIEF EXECUTIVE OFFICER and has been a member of OXY's, she knew, consciously disregarded, or was reckless and grossly negligent in not knowing that OXY's business model to acquire ANDARKO was materially deficient.  Hollub participated in the issuance of

improper statements, including the preparation of the improper press releases and prepared statements made during conference calls with analysts and investors.  Defendant Hollub is a citizen of Texas.

25.   Defendant Cedric W. Burgher ("Burgher") is OXY's Chief Financial Officer and has been since May 2017.  Because of Burgher's position, he knew, consciously disregarded, or was reckless and grossly negligent in not knowing that OXY's business model to acquire ANDARKO was materially deficient.  Burgher participated in the issuance of improper statements, including the preparation of the improper press releases and prepared statements made during conference calls with analysts and investors.  Defendant Burgher is a citizen of Texas.

26.   Defendant Marcia E. Backus ("Backus") is OXY's Chief Compliance Officer and General Counsel and has been since 2013. Because of Backus's positions, she knew, consciously disregarded, or was reckless and grossly negligent in not knowing that OXY's business model to acquire ANDARKO was materially deficient.  Backus participated in the issuance of improper statements, including the preparation of the improper press releases and prepared statements made during conference calls with analysts and investors.  Defendant Backus is a citizen of Texas.

27.   Defendant Spencer Abraham ("Abraham") is OXY's director and has been since 2005.  Abraham is also a Member OXY's Environmental, Health and Safety Committee; and a Member of OXY's Executive Compensation Committee.  Because of Abraham's positions, he knew, consciously disregarded, or was reckless and grossly negligent in not knowing that OXY's business model to acquire

ANDARKO was materially deficient.  Abraham participated in the issuance of improper statements, including the preparation of the improper press releases and prepared statements made during conference calls with analysts and investors.  Defendant Abraham is a citizen of Washington, D.C.

28.  Defendant Eugene L. Batchelder ("Batchelder") is OXY's director and has been since 2013.  Batchelder has been an Independent Chairman for OXY since 2015.  Batchelder is also a Member of OXY's Corporate Governance, Nominating and Social Responsibility Committee.  Because of Batchelder's positions, he knew, consciously disregarded, or was reckless and grossly negligent in not knowing that OXY's business model to acquire ANDARKO was materially deficient.  Batchelder participated in the issuance of improper statements, including the preparation of the improper press releases and prepared statements made during conference calls with analysts and investors.  Defendant Batchelder is a citizen of Texas.

29.  Defendant Margaret M. Foran ("Foran") is OXY's director and has been since 2010.  Foran is also the Chair of Executive Compensation Committee; and a Member of Corporate Governance, Nominating and Social Responsibility Committee.  Because of Foran's positions, she knew, consciously disregarded, or was reckless and grossly negligent in not knowing that OXY's business model to acquire ANDARKO was materially deficient.  Foran participated in the issuance of improper statements, including the preparation of the improper press releases and prepared statements made during conference calls with analysts and investors.  Defendant Foran is a citizen of New Jersey.

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

30.   Defendant Carlos M. Gutierrez ("Gutierrez") is OXY's director and has been since 2009.  Gutierrez is also the Chair of Corporate Governance, Nominating and Social Responsibility Committee; and a Member of the Audit Committee.  Because of Gutierrez's positions, he knew, consciously disregarded, or was reckless and grossly negligent in not knowing that OXY's business model to acquire ANDARKO was materially deficient.  Gutierrez participated in the issuance of improper statements, including the preparation of the improper press releases and prepared statements made during conference calls with analysts and investors.  Defendant Gutierrez is a citizen of Washington, D.C.

31.   Defendant William R. Klesse ("Klesse") is OXY's director and has been since 2013.  Klesse is also a Member of the Executive Compensation Committee; and a Member of the Environment, Health and Safety Committee.  Because of Klesse's positions, he knew, consciously disregarded, or was reckless and grossly negligent in not knowing that OXY's business model to acquire ANDARKO was materially deficient.  Klesse participated in the issuance of improper statements, including the preparation of the improper press releases and prepared statements made during conference calls with analysts and investors.  Defendant Klesse is a citizen of Texas.

32.   Defendant Jack B. Moore ("Moore") is OXY's director and has been since 2016.  Moore is also a Member of the Executive Compensation Committee; and a Member of the Corporate Governance, Nominating and Social Responsibility Committee.  Because of Moore's positions, he knew, consciously disregarded, or was reckless and grossly negligent in not knowing that OXY's business model to

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

acquire ANDARKO was materially deficient.  Moore participated in the issuance of improper statements, including the preparation of the improper press releases and prepared statements made during conference calls with analysts and investors.  Defendant Moore is a citizen of Texas.

33.  Defendant Avedick B. Poladian ("Poladian") is OXY's director and has been since 2008.  Poladian is the Chair of the Audit Committee; and a Member of the Corporate Governance, Nominating and Social Responsibility Committee.  Because of Poladian's positions, he knew, consciously disregarded, or was reckless and grossly negligent in not knowing that OXY's business model to acquire ANDARKO was materially deficient.  Poladian participated in the issuance of improper statements, including the preparation of the improper press releases and prepared statements made during conference calls with analysts and investors.  Defendant Poladian is a citizen of California.

34.  Defendant Elisse B. Walter ("Walter") is OXY's director and has been since 2014.  Walter is the Chair of the Environmental, Health and Safety Committee; and a Member of the Audit Committee. Because of Walter's positions, she knew, consciously disregarded, or was reckless and grossly negligent in not knowing that OXY's business model to acquire ANDARKO was materially deficient.  Walter participated in the issuance of improper statements, including the preparation of the improper press releases and prepared statements made during conference calls with analysts and investors.  Defendant Walter is a citizen of New York.

35.   At all times relevant thereto, JOHN DOE and MARY ROE shall be inserted to represent any indispensable parties discovered during the litigation process.  We are preserving the space in this caption if the courts determine these discovered Defendants are indispensable parties.  YEL is required to raise such claims or risk waiver of such claims.

36.   The Defendants identified in ¶¶ 24, 27-34 are referred to as the "Director Defendants." The Defendants identified in ¶¶ 24-26 are referred to as the "Officer Defendants."  Collectively, the Director Defendants and the Officer Defendants are referred to herein as the "Individual Defendants."

## DUTIES OF THE INDIVIDUAL DEFENDANTS

37.   By reason of their positions as officers, directors, and/or fiduciaries of OXY and because of their ability to control the business and corporate affairs of OXY, the Individual Defendant's owed OXY and its shareholders fiduciary obligations of trust, loyalty, good faith, and due care, and were and are required to use their utmost ability to control and manage OXY in a fair, just, honest, and equitable manner.  The Individual Defendants were are required to act in furtherance of the best interest of OXY and its shareholders so as to benefit all shareholders equally and no in furtherance of their personal interest or benefit.

38.   Each director and officer of the Company owers to OXY and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets, and the highest obligations of fair dealing.  In addition, as officers and/or

directors of a publicly held company, the Individual Defendants had a duty to promptly disseminate accurate and truthful information with regard to the Company's business.

39.   The Individual Defendants, because of their positions of control and authority as directors and/or officers of OXY, were able to an did, directly and/or indirectly, exercise control over the wrongful acts complaint of herein, as well as the contents of the various public statements issued by the Company.  Because of their advisory, executive, managerial, and directorial positions with OXY, each of the Individual Defendants had access to adverse non-public information about the Company's business, internal controls, operations, and improper representations of OXY.

40.   At all times relevant hereto, each of the Individual Defendants was the agent of each of the other Individual Defendants and of OXY, and was at all times acting within the course and scope such agency.

41.   To discharge their duties, the officers and directors of OXY were required to exercise reasonable and prudent supervision over the management, policies, practices, and controls of the financial affairs of the Company.  By virtue of such duties, the officers and director of OXY were required to, among other things:

> a. Refrain from acting upon material inside corporate information to benefit themselves;
>
> b. Ensure that the Company complied with its legal obligations and requirements, including acting only within the scope of its legal

authority and disseminating truthful and accurate statements to the investing public;

c. Conduct the affairs of the Company in an efficient, business-like manner so as to make it possible to provide the highest quality performance of its business, to avoid wasting the Company's assets, and to maximize the value of the Company's stock;

d. Property and accurately guide investors and analysts as to the true condition of the Company at any given time, including making accurate statements about the Company's business prospects, and results and ensuring the Company maintained an adequate systems of internal controls such that the Company's reporting would be true and accurate at all times;

e. Remain informed as to how OXY conducted its operations, and, upon receipt of notice or information of imprudent or unsound conditions or practices, make reasonable inquiry in connection therewith, and take steps to correct such conditions or practices and make such disclosures as necessary to comply with securities laws;

f. Ensure that the Company was operated in a diligent, honest, and prudent manner in

compliance with all applicable laws, rules and
regulations; and

g. Ensure the Company had in place sufficient
internal controls over its business.

42.   Each Individual Defendant, by virtue of his or her
position as a director and/or officer, owed to the Company and to
its shareholders the fiduciary duties of loyalty, good faith, and
the exercise of due care and diligence in the management and
administration of the affairs of the Company, as well as in the use
and preservation of its property and assets.  The conduct of the
Individual Defendants complained of herein involves a knowing and
culpable violations of their obligations as directors and officers
of OXY, the absence of good faith on their part, and a reckless
disregard for their duties to the Company and its shareholders that
the Individual Defendants were aware or should have been aware poses
a risk of serious injury to the Company.  The conduct of the
Individual Defendants who were also officers and/or directors of the
Company during the Relevant Period have been ratified by the
remaining Individual Defendants who collectively comprise all of
OXY's Board during the Relevant Period.

43.   The Individual Defendants breached their duties of
loyalty and good faith by allowing defendants to cause, or by
themselves causing, the Company to misrepresent its condition and
business prospects, as detailed below, and by failing to prevent the
Individual Defendants from taking such actions.  In addition, as a
result of defendants' actions and course of conduct due the Relevant

Period, OXY has expended, and will continue to expend, significant sums of money.

### CONSPIRACY, AIDING AND ABETTING AND CONCERTED ACTION

44.    In committing the wrongful acts alleged herein, the Individual Defendants have pursued, or joined in the pursuit of, a common course of conduct, and have acted in concert with and conspired with one another in furtherance of their common plan or design.  In addition to the wrongful conduct herein alleged as giving rise to primary liability, the Individual Defendants further aided and abetted and/or assisted each other in breaching their respective duties.

45.    During all the times relevant hereto, the Individual Defendants collectively and individually initiated a course of conduct that was designed to and did:  (i)conceal the fact that the Company was improperly misrepresenting the health of its business model; (ii) deceive the investing public, including shareholders of OXY, regarding the Individual Defendants' management of OXY's operations, the Company's health and stability, and its future business prospects that had been misrepresented by defendants throughout the Relevant Period.  In furtherance of this plan, conspiracy, and course of conduct, the Individual Defendants collectively and individually took the actions set forth herein.

46.    The Individual Defendants engaged in a conspiracy, common enterprise, and/or common course of conduct during the Relevant Period.  During this time, the Individual Defendants caused the Company to conceal the true fact that OXY was misrepresenting its business prospects.

47.   The Individual Defendants accomplished their conspiracy, common enterprise, and/or common course of conduct by causing the Company to purposefully, recklessly, or negligently release improper statements.  Because the actions described herein occurred under the authority of the Board, each of the Individual Defendants was a direct, necessary, and substantial participant in the conspiracy, common enterprise, and/or common course of conduct complained of herein.

48.   Each of the Individual Defendants aided and abetted and rendered substantial assistance in the wrongs complained of herein. In taking such actions to substantially assist the commission of the wrongdoing complained of herein, each Individual Defendant acted with knowledge of the primary wrongdoing, substantially assisted the accomplishment of that wrongdoing, and was aware of his overall contribution to and furtherance of the wrongdoing.

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

49.   Plaintiff brings this action derivatively in the right and for the benefit of OXY to redress injuries suffered, and to be suffered, by OXY as a direct result of breaches of fiduciary duty, waste of corporate assets, unjust enrichment, and violations of New York Corporations Code, as well as the aiding and abetting thereof, by the Individual Defendants.  OXY is named as a nominal defendant solely in a derivative capacity.  This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

50.   Plaintiff will adequately and fairly represent the interest of OXY in enforcing and prosecuting its rights.

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

51.   Plaintiff is and was an owner of OXY stock during times relevant to the Individual Defendant's wrongful course of conduct alleged herein, and remains a shareholder of the Company.

52.   The current Board of OXY consists of the following nine individuals:  defendants Hollub, Abraham, Batchelder, Foran, Gutierrez, Klesse, Moore, Poladian and Walter.

53.   Plaintiff has not made any demand on shareholders of OXY to institute this action since such demand would be futile and useless act for at least the following reasons:

      a. OXY is a publicly held company with share outstanding, and thousands of shareholders;

      b. Making demand on such a number of shareholders would be impossible for plaintiff who has no way of finding out the names, addresses, or phone numbers of shareholders; and

      c. Making demand on all shareholders would force plaintiff to incur huge expenses, assuming all shareholders could be individually identified.

**COUNT I**
**AGAINST ALL DEFENDANTS FOR BREACH OF FIDUCIARY DUTY**

54.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

55.   The Individual Defendants owed and owe OXY fiduciary obligations.  By reason of their fiduciary relationships, the Individual Defendants owed and owe OXY the highest obligation of good faith, fair dealing, loyalty, and due care.

56.   The Individual Defendants, and each of them, violated and breached their fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith, and supervision.

57.   Each of the Individual Defendants knew or were reckless or grossly negligent in not knowing that they had caused the Company to improperly misrepresent the Company's positioning.  These actions could not have been a good faith exercise of prudent business judgment to protect and promote the Company's corporate interests.

58.   As a direct and proximate result of the Individual Defendants' failure to perform their fiduciary obligations, OXY sustained significant damages.  As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

**WHEREFORE,** Plaintiff demands judgment against Defendants, VICKI HOLLUB; CEDRIC W. BURGHER; MARCIA E. BACKUS; SPENCER ABRAHAM; EUGENE L. BATCHELDER; MARGARET M. FORAN; CARLOS M. GUTIERREZ; WILLIAM R. KLESSE; JACK B. MOORE; AVEDICK B. POLADIAN; ELISSE B. WALTER; OCCIDENTAL PETROLEUM CORPORATION; JOHN DOE and MARY ROE, individually, jointly, severally, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.  Further, for the Court to deem the ANDARKO merger void due to current and ongoing damages to OXY and its shareholders.

### COUNT II
### AGAINST ALL DEFENDANTS FOR WASTE OF CORPORATE ASSETS

59.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

60.   As a result of the misconduct described above, the Individual Defendants wasted corporate assets:  (i) by paying bonuses to certain of its executive officers; and (ii) by incurring hundreds of millions of dollars of losses due to their actions.

**WHEREFORE,** Plaintiff demands judgment against Defendants, VICKI HOLLUB; CEDRIC W. BURGHER; MARCIA E. BACKUS; SPENCER ABRAHAM; EUGENE L. BATCHELDER; MARGARET M. FORAN; CARLOS M. GUTIERREZ; WILLIAM R. KLESSE; JACK B. MOORE; AVEDICK B. POLADIAN; ELISSE B. WALTER; OCCIDENTAL PETROLEUM CORPORATION; JOHN DOE and MARY ROE, individually, jointly, severally, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.  Further, for the Court to deem the ANDARKO merger void due to current and ongoing damages to OXY and its shareholders.

## COUNT III
### AGAINST ALL DEFENDANTS FOR UNJUST ENRICHMENT

61.   Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

62.   By their wrongful acts and omissions, the Individual Defendants were unjustly enriched at the expense of and to the detriment of OXY.

63.   By their wrongful acts and omissions, the Individual Defendants were unjustly enriched at the expense of and to the detriment of OXY.

64.   Plaintiff, as a shareholder and representative of OXY, seeks restitution from these defendants, and each of them, and seeks

-18-
VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

an order of this Court disgorging all profits, benefits, and other compensation obtained by these defendants, and each of them, from their wrongful conduct and fiduciary breaches.

65.   Plaintiff, on behalf of OXY, has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, VICKI HOLLUB; CEDRIC W. BURGHER; MARCIA E. BACKUS; SPENCER ABRAHAM; EUGENE L. BATCHELDER; MARGARET M. FORAN; CARLOS M. GUTIERREZ; WILLIAM R. KLESSE; JACK B. MOORE; AVEDICK B. POLADIAN; ELISSE B. WALTER; OCCIDENTAL PETROLEUM CORPORATION; JOHN DOE and MARY ROE, individually, jointly, severally, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.  Further, for the Court to deem the ANDARKO merger void due to current and ongoing damages to OXY and its shareholders.

## COUNT IV
### AGAINST ALL DEFENDANTS FOR BREACH OF GOOD FAITH AND FAIR DEALINGS

66.   Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

67.   The Individual Defendants failed to act honestly and in accord to the relational agreement between the parties.

68.   The parties expected the Individual Defendants to act in accord and in the best interest of the Plaintiff.

69.   This was the bargained for exchange when the Plaintiff became a shareholder in OXY, by paying value for the shares received.

70.   In exchange for such value, the Individual Defendants were obligated to a duty of good faith and fair dealings.

71.   The Individual Defendants breach such obligation by their failure to act according and in the best interest of Plaintiff as evidenced in the ANDARKO acquisition noted above.

72.   The Individual Defendants have breached the implied warranty of good faith and fair dealing.

**WHEREFORE,** Plaintiff demands judgment against Defendants, VICKI HOLLUB; CEDRIC W. BURGHER; MARCIA E. BACKUS; SPENCER ABRAHAM; EUGENE L. BATCHELDER; MARGARET M. FORAN; CARLOS M. GUTIERREZ; WILLIAM R. KLESSE; JACK B. MOORE; AVEDICK B. POLADIAN; ELISSE B. WALTER; OCCIDENTAL PETROLEUM CORPORATION; JOHN DOE and MARY ROE, individually, jointly, severally, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiff's reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.  Further, for the Court to deem the ANDARKO merger void due to current and ongoing damages to OXY and its shareholders.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A.   Against all of the Individual Defendants in favor of the Company for the amount of damages sustained by the Company as a result of the Individual Defendants' breaches of fiduciary duties, waste of corporate assets, unjust enrichment and breach of good faith and fair dealings.

B.   Directing OXY to take all necessary actions to reform

and improve its corporate governance and internal procedures to comply with applicable laws and to protect OXY and its shareholders from a repeat of the damaging events described herein, including, but not limited to, putting forward for shareholder vote resolutions for amendments to the Company's By-Laws or Articles of Incorporation and taking such other action as may be necessary to place before shareholders for a vote the following Corporate Governance Policies:

1. A proposal to create a Board committee with oversight over the Company;

2. A proposal to remove executives and directors who have been convicted for felonies or crimes that involve dishonesty such as fraud or theft;

3. A proposal to strengthen the Company's internal controls;

4. A proposal to create an ethics committee charged with review of the Company's and its executives' and directors' dealing;

5. A proposal to strengthen the Board's supervision of operations and develop and implement procedures for greater shareholder input into the policies and guidelines of the Board;

6. A provision to permit the shareholders of OXY to nominate atleast three candidates for election to the Board; and

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

7. A proposal to appropriately test and then strengthen the internal audit and control functions.

8. A proposal to effectively end the ANDARKO merger efforts immediately in order to help rebuild OXY stock price back to pre-merger values.

C.      Extraordinary equitable and/or injunctive relief as permitted by law, equity, and state statutory provisions sued hereunder, including attaching, impounding, imposing a constructive trust on, or otherwise restricting defendants' assets so as to assure that Plaintiff on behalf of OXY has an effective remedy;

D.      Awarding to OXY restitution from the defendants, and each of them, and ordering disgorgement of all profits, benefits, and other compensation obtained by the defendants;

E.      Awarding Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and exerts' fees, costs, and expenses; and

F.      Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

**PLEASE TAKE NOTICE** that Plaintiff hereby demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Adrian J. Johnson, Esq., is hereby designated as trial counsel in the within action.

## <u>ATTORNEY CERTIFICATION</u>

I am a partner of the firm of Johnson & Associates at Law, PC. This matter is neither the subject of any other pending action in any Court nor of a pending arbitration.  It is not anticipated that any other party or non-party will be joined as a potentially liable person. I certify that the foregoing statements made by me are true.

I am aware that if any foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  9 JULY 2019                    JOHNSON & ASSOCIATES, PC

                                       By:   <u>s/ADRIAN J. JOHNSON</u>
                                             ADRIAN J. JOHNSON
                                             33 Wood Avenue South, Suite 600
                                             Iselin, NJ 08830
                                             P: 1.848.229.2254
                                             F: 1.855.385.0942
                                             *Attorneys for Plaintiff*

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

## **VERIFICATION**

I, *DENA LEVORITZ,* a partner in YEL Partners, hereby declare as follows:

YEL Partners is a shareholder of OCCIDENTAL PETROLEUM, CORPORATION.  YEL Partners was a shareholder at the time of the wrongdoing complained of and remains a shareholder.  YEL Partners has retained competent counsel and is ready, willing and able to pursue this action vigorously on behalf of OCCCIDENTAL PETROLEUM, CORPORATION.  I have reviewed the Verified Shareholder Derivative Complaint.  Based upon discussions with and reliance upon counsel, and as to those facts which I have personal knowledge, the Complaint is true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.


DATED:  9 JULY 2019                    s/ DENA LEVORITZ
                                       DENA LEVORITZ
                                       Partner in YEL Partners